IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-CV-53-FL

| | | |
|---|---|---|
| BRITTANY MARIE TOMLINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| WAL-MART ASSOCIATES, INC.; CT | ) | |
| CORPORATION SYSTEM; and TRAVIS | ) | |
| SCHACKMANN, | ) | |
| | | |
| Defendants. | | |

This matter is before the court for review of plaintiff's pro se complaint (DE 1) pursuant to 28 U.S.C. § 1915(e), and upon plaintiff's motion to state a claim and for discovery. (DE 5). United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended plaintiff's complaint be dismissed (DE 6). Plaintiff filed objections to the M&R. In this posture, the issues raised are ripe for ruling.

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d

198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, the magistrate judge recommends dismissal for lack of federal subject matter jurisdiction. Upon careful review of the M&R and plaintiff's complaint and objections, the court finds the magistrate judge's analysis to be thorough and correct. The court thus hereby ADOPTS the recommendation of the magistrate judge as its own. Plaintiff's complaint must be dismissed without prejudice for lack of subject matter jurisdiction, and plaintiff's motion to state a claim and for discovery must be denied.

The court writes separately to address the issues raised by plaintiff's objections. Plaintiff argues that she has presented a federal question by asserting a cause of action under 42 U.S.C. § 1983 "for violations of his [sic] rights under the Fifth and Fourteenth Amendments of the U.S. Constitution due to Walmart's alleged deprivation of property without due process." (Pl's Obj. (DE 7) at 1). However, "[t]o implicate 42 U.S.C. § 1983, conduct must be 'fairly attributable to the State.'" DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). "The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." None of the defendants named by plaintiff in her complaint is alleged to be a state actor or engaged in the state's actions. Therefore, plaintiff lacks a federal claim and this court lacks federal question jurisdiction.

Plaintiff also argues that she has satisfied the requirements for diversity jurisdiction because defendant Wal-mart Associates, Inc., is a Delaware corporation with its principal place of business in Arkansas. However, for the court to have diversity jurisdiction, complete diversity among the parties is required, which means that "no plaintiff may be a citizen of the same state as any defendant." Hawkins v. i-TV Digitalis Tavkozlesi zrt., 935 F.3d 211, 222 (4th Cir. 2019). Here, both CT Corporation System and Travis Shackmann are alleged to be defendants and citizens of North Carolina, as is plaintiff. (See Compl. (DE 1) at 3). Therefore, there is a lack of complete diversity, and the court lacks diversity jurisdiction.

In addition, where the court lacks subject matter jurisdiction, plaintiff's motion to state a claim and for discovery necessarily is denied. S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broad-lands, LLC, 713 F.3d 175, 185 (4th Cir. 2013) ("[A] court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 6), DENIES plaintiff's motion (DE 5), and DISMISSES WITHOUT PREJUDICE this action for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1915(e)(2). The clerk is DIRECTED to close this case.

SO ORDERED, this the 14th day of March, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge